UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREL LANGE ) | Case No. 5:09-cv-858 |
| ) | (GTS/GHL) |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| NES - NATIONAL ) | |
| ENTERPRISE SYSTEMS, INC. ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |
| ) | |

PLAINTIFF, LAUREL LANGE ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, NES - NATIONAL ENTERPRISE SYSTEMS, INC. ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, LAUREL LANGE ("Plaintiff"), is a natural person residing in Onondaga County, New York.

4. Defendant, NES - NATIONAL ENTERPRISE SYSTEMS, INC., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   i. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

   ii. Using false, deceptive, or misleading representations or means in connection with collection of a debt, including Defendant stating that it would "serve papers to Plaintiff's employer" notifying them of the debt and the alleged criminal accused by Defendant (§ 1692e));

iii. Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action, including Defendant's threat to garnish up to 35% of Plaintiff's wages (§ 1692e(4));

iv. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including Defendant threatening to have Plaintiff arrested on criminal charges if she did not remit payment within 24 hours (§ 1692e(5));

v. Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff, including Defendant stating to Plaintiff that "they now had him on 'fraudulent check writing'" and other alleged criminal charges to include "malicious intent to defraud" (§ 1692e(7));

vi. Making unauthorized withdrawals from Plaintiff's account after Plaintiff had only agreed to one specific withdrawal and not a series of withdrawals as claimed by Defendant (§ 1692f(6)(A)); and

vii. Repeatedly contacting third parties in connection with collection of an alleged debt from Plaintiff, disclosing the existence of the debt to that third party, e.g. Plaintiff's grandmother, and refusing to stop

calls after repeated requests by that third party to stop the calls (§ 1692c(b) & § 1692b(1)(2)(3) & § 1692d)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

    E.    For such other and further relief as may be just and proper.

This 28th day of July, 2009.

ATTORNEYS FOR PLAINTIFF
*LAUREL LANGE*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
***Kurz & Fortas, LLC***
Attorneys for Plaintiff
80 Broad Street, 5th Floor
New York, NY 10004
(404) 856-3888
(404) 856-3892 (fax)
dkurz@kurzandfortas.com

***PLEASE SEND ALL CORRESPONDENCE TO:***

Dennis R. Kurz
Kurz & Fortas, LLC
1932 North Druid Hills Road, Suite 200
Atlanta, Georgia 30319